RAFAEL GONZÁLEZ, Plaintiff and Appellee, v. OCTAVIO WYS, Defendant and Appellant.

No. 3650. Argued June 23, 1925.—Decided July 7, 1925.

DEBT—DEPOSIT—PLEADING—EVIDENCE—FAILURE OF PROOF—VARIANCE.—A complaint in an action of debt alleging that a certain deposit was made ''in American legal tender bank-notes'' can not be sustained on evidence that the amount sued for was delivered ''in securities in the nature of a deposit.'' In that case there is a failure of proof rather than a variance between the pleading and the evidence.

District Court of Ponce, R. Díaz Cintrón, J. Judgment for the plaintiff in an action of debt. *Reversed.*

*Carlos Brunet del Valle* for the appellant. *E. Ramos Antonini* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The single question involved in this appeal turns on the interpretation of a certain deposit receipt which the parties submitted to the trial court as the only evidence in the case.

The said document reads as follows:

"Ponce, P. R., August 22/923.—Received from Rafael González the sum of three hundred and eighty dollars ($380.00) in securities in the nature of a deposit.—$380.00. (Signed) O. Wys."

Relying on the terms of this receipt the plaintiff alleged that he delivered to the defendant as a deposit the sum of $380 in legal tender notes subject to redelivery at any time.

The defendant denied that the plaintiff had ever delivered to him any sum on deposit and alleged to the contrary that the only deposit made in the plaintiff's name consisted of Madrid lottery tickets which did not belong to the plaintiff, but to the Mena heirs, and that the defendant at all times has been and is ready and willing to return the said lottery tickets, but the plaintiff has refused to receive them and has demanded their value in money.

In his opinion in support of a judgment for the plaintiff the trial judge admits that the evidence is not in congruity with the allegations of the complaint. The pertinent part of the said opinion is as follows:

"It is true that the only evidence introduced in this case is not wholly congruent with the allegation of a deposit set up in the complaint; but the defendant signed a document wherein he acknowledged having received from the plaintiff the sum of $380 in securities on deposit, and there is no doubt that in accordance with sections 1662 *et seq.* of the Civil Code he is under obligation to restore them to the depositor."

The error into which the court fell is evident. In the first place the deposit receipt does not say that the sum of $380 was deposited in securities, but "in securities in the nature of a deposit," and in the second place, taking the meaning of this quoted phrase in connection with the complaint which prays only for the recovery of a debt, there is a failure or lack of proof rather than a variance, inasmuch as the exact allegation of the plaintiff was not proved.

Sections 34 and 35 of the Law of Evidence (secs. 1402 and 1403, Comp. 1911) read as follows:

"Sec. 34. Evidence must correspond with the material allegations, and be relevant to the question in dispute. It is, however, within the discretion of the court to permit inquiry into a collateral fact, when such fact is directly connected with the question in dispute, and is necessary to its proper determination, or when it affects the credibility of a witness.

"Sec. 35. In conformity with the preceding provisions, evidence of the following facts may be given upon a trial:

"1. The precise fact in dispute.

"  *          *          *          *          *          *          *  "

And section 138 of the Code of Civil Procedure reads as follows:

"Where, however, the allegation of the claim or defense, to which the proof is directed, is unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a case of variance, within the last two sections, but a failure of proof."

Therefore, it was incumbent upon the plaintiff to prove his allegation that the deposit had been made "in American legal tender bank-notes," unless the word "securities" be given a special and unusual definition in order to make it mean cash money. But we can not accept such an interpretation, inasmuch as securities mean generally and in commerce in particular documents which represent cash, such as bonds, bank stock, promissory notes, drafts and others. Therefore, this word having a general meaning

well defined by usage, we are bound to follow its common meaning and not the special interpretation given to it. In that part of the Code of Commerce which governs commercial deposits we can see the distinction made between cash deposits (article 307) and deposits of bonds, securities, etc. (article 308).

On another hand, if the thing delivered is commercial securities, then the obligation to restore it is specific and as such may be demanded. Otherwise, it would be necessary to allege the impossibility of restoring the thing in order to bring an action of debt. Section 1668 of the Civil Code provides that a bailee is obliged to keep the thing, and, when required, to return it, and also that his liability with regard to the keeping and loss of the thing shall be governed by the provisions of Title I of Book IV of that Code. This title refers to Obligations. In Chapter II thereof referring to the nature and effect of obligations, section 1063 reads as follows:

"Should the thing to be delivered be a specified one the creditor, independently of the right granted him by section 967, may compel the debtor to make the delivery.

"Should the thing be undetermined or generic he may ask that the obligation be fulfilled at the expense of the debtor.

"Should the person obligated be in default, or be bound to deliver the same thing to two or more different persons, he shall be liable therefor with regard to unforeseen events until the delivery is made."

This section refers to a right granted by section 967, but that reference is undoubtedly a mistake because section 967 concerns matters relative to the acceptance and repudiation of inheritance. Section 1063 is the equivalent of section 1096 of the Spanish Civil Code and in the latter the section mentioned is 1101, equivalent to section 1068 of the revised Civil Code, which reads as follows:

"Those who in fulfilling their obligations are guilty of fraud, negligence, or delay, and those who in any manner whatsoever act

in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby.''

And the plaintiff neither asserts a claim for the specific return of the ''securities'' deposited nor brings an action under said section 1068.

For all of the foregoing reasons the judgment must be reversed and the complaint dismissed without costs.